Robert G. Culas, Esq. (Utah Bar No. 7045)
Attorney for Plaintiff
9730 South 700 East Suite 207
Sandy, Utah 84070
Telephone: 801 727 0727
Fax: 801 727 0729

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| David A. Self. | : | |
| | : | COMPLAINT |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| First Horizon Home Loans, a Division | : | |
| of First Tennessee Bank National | : | |
| Association and John Does 1 through 5. | : | Case No. 2:09-cv-00892 |
| | : | |
| Defendants. | : | Honorable Tena Campbell |

Plaintiff, David A. Self, by and through undersigned counsel, Robert G. Culas, Esq.,

complain of Defendants and allege as follows:

PARTIES AND JURISDICTION

1.      Plaintiff David A. Self, is a bona fide resident of Salt Lake County in the State of

Utah.

2.      Defendant First Horizon Home Loans, a Division of First Tennessee Bank

National Association is a  licensed  Federal credit union doing business in the State of Utah.

3.      As used herein, "Defendant" or "Defendants" refers to the originating mortgage

1

loan institution(s) involved herein and any legal successor or assign acting in concert or in coordination with any of the other named Defendants.

4.      This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1332.  The amount in controversy exceeds $75,000.00. This court also has, pursuant to 28 U.S.C. § 1367, supplemental jurisdiction over all other claims that are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is properly laid in the Central Division of the United States District Court for the District of Utah, pursuant to 28 U.S.C. §1391(c).

FACTS

6.      Plaintiff incorporates herein by this reference the allegations of the preceding paragraphs 1 through 5 of this Complaint.

7.      In or about August 10, 2007, Defendants made a loan to Plaintiffs in the principle sum of $900,000.00 secured by a Deed of Trust recorded against Plaintiff's residence located at 13603 South 300 East, Draper, UT 84020 and more particularly described as;

> BEGINNING AT A POINT 1254 FEET NORTH FROM THE CENTER OF SECTION 6, TOWNSHIP 4 SOUTH, RANGE 1 EAST, SALT LAKE BASE AND MERIDIAN, AND RUNNING THENCE EAST 231 FEET; THENCE NORTH 85 FEET; THENCE WEST 231 FEET; THENCE SOUTH 85 FEET TO THE POINT OF BEGINNING. LESS AND EXCEPT ANY PORTION LYING WITHIN THE BOUNDS OF 300 EAST STREET.
>
> BEGINNING AT A POINT 1239 FEET NORTH FROM THE CENTER OF

2

SECTION 6, TOWNSHIP 4 SOUTH, RANGE 1 EAST, SALT LAKE BASE AND MERIDIAN, AND RUNNING THENCE EAST 25 FEET; THENCE NORTH 1.12 FEET; THENCE EAST 90.91 FEET; THENCE SOUTH 1.12 FEET; THENCE EAST 115.09 FEET; THENCE SOUTH 200 FEET; THENCE EAST 141 FEET; THENCE NORTH 300 FEET; THENCE WEST 372 FEET; THENCE SOUTH 100 FEET TO THE POINT OF BEGINNING.

LESS AND EXCEPTING THE FOLLOWING DESCRIBED PORTION THEREOF. BEGINNING AT A POINT 1254 FEET NORTH FROM CENTER OF SECTION 6, TOWNSHIP 4 SOUTH, RANGE 1 EAST, SALT LAKE BASE AND MERIDIAN, AND RUNNING THENCE EAST 231 FEET; THENCE NORTH 85 FEET; THENCE WEST 231 FEET; THENCE SOUTH 85 FEET TO THE POINT OF BEGINNING.

ALSO LESS AND EXCEPT ANY PORTION LYING WITHIN THE BOUNDS OF 300 EAST STREET.

BEGINNING AT A POINT WHICH IS 1022.12 FEET NORTH, 25 FEET EAST; 88 FEET NORTH, 90.91 FEET EAST, 88 FEET SOUTH AND 256.09 FEET EAST FROM THE CENTER OF SECTION 6, TOWNSHIP 4 SOUTH, RANGE 1 EAST, SALT LAKE BASE AND MERIDIAN; AND RUNNING THENCE NORTH 17 FEET, THENCE WEST 141 FEET; THENCE SOUTH 17 FEET; THENCE EAST 141 FEET TO THE POINT OF BEGINNING.

Cause of Action

### RESCISSION FOR VIOLATIONS OF THE TRUTH IN LENDING AND HOME EQUITY PROTECTION ACTS.

8.   Plaintiffs incorporate herein allegations of paragraphs 1 through 7 above.

9.   The Truth in Lending Act of 1968 is designed to protect consumers in credit transactions, by requiring clear disclosure of key terms of the lending arrangement and all costs, and disclosure of certain statutory rights of consumers.  The regulations implementing the statute, which are known as "Regulation Z", are codified at 12 CFR Part 226.  Most of the specific

3

requirements imposed under the Act are found in Regulation Z, so a reference to the requirements of the Act are usually referred to the requirements contained in Regulation Z, as well as the Act itself.

10.    Subpart E and Regulation Z section 32 contain special rules for mortgage transactions. Section 226.32 requires certain disclosures and provides limitations for loans that have rates and fees above specified amounts.

11.    Under the Act, Defendants must disclose to Plaintiffs the annual percentage rate ("APR").  The APR reflects the cost of the credit to the consumer.   Defendants failed to accurately disclose to Plaintiffs the APR.

12.    Under the Act, Defendants must disclose origination fees and discount points. Additionally, the term "finance charge" is defined as all fees paid either directly or indirectly by the Plaintiff, incident to the extension of the loans.   Yet, Defendants never disclosed any of the fees paid directly or indirectly to others in connection with the loan.

13.     Defendants also failed to provide disclosures of Plaintiffs' rights and more particularly the right to rescind the loan transaction.  Indeed, Defendants failed to provide Plaintiff with two copies of the cancellation notice.

14.    The failure of Defendants to make the disclosures of the effect of the interest rate, the actual cost of the loan with such adjustments included, the imposition of the undisclosed points and fees in excess of that allowed by Regulation, and failure to disclose Plaintiff's rights

4

including the right to cancel the loan and provide two copies of the form to exercise said right

constitute violations of the Truth In Lending Act, Home Equity Protection Act, and

implementing Regulation Z.

15.  Based upon the violations of the Truth in Lending Act, implementing Regulation Z,

and Home Equity Protection Act, Plaintiffs are entitled to actual damages in an amount to be

determined at trial.

16.  Based upon the violations of the Truth in Lending Act implementing Regulation Z,

and Home Equity Protection Act, Plaintiffs are entitled to rescind the loan transaction.

17.  Based upon the violations of the Truth in Lending Act, implementing Regulation Z,

and Home Equity Protect Act, Plaintiffs are entitled to reasonable attorney fees and costs

incurred herein.

WHEREFORE, Plaintiffs pray the honorable Court grant judgment in favor of Plaintiffs

and against Defendants, granting rescission of the mortgage loan under the Truth in Lending Act,

the implementing Regulation Z-32, and Home Equity Protection Act, and granting all statutory

and regulatory damages, punitive damages if available,  attorney fees, court costs and all costs

associated with this action.

DATED this 5 day of October 2009.


                                        /s/ Robert G. Culas
                                        Robert G. Culas, Esq.

Attorney for plaintiffs


Serve to:
Defendant:
First Horizon Home Loans, a Division
of First Tennessee Bank National
4000 Horizon Way
Irving, Texas 75063

Registered Agent:
CT CORPORATION SYSTEM
136 EAST SOUTH TEMPLE, SUITE 2100
Salt Lake City, UT 84111